IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,869-01






EX PARTE ERIC DAMON BENAVIDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2009-362-C2 IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam. 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of second degree
arson, enhanced to first degree punishment, and sentenced to twenty years' imprisonment. 

 Applicant contends that he is being improperly set-off for his next parole review. He alleges
that the Texas Department of Criminal Justice (TDCJ) has informed him that he will not be reviewed
for parole each year, as required in Government Code Section 508.141(g), but that his next review
date will be in two years. He has alleged facts which might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating when Applicant was reviewed for parole and when his next parole
review date is scheduled. If the time between his parole reviews is more than one year, the affidavit
should state the reasons for this extended set-off. 

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant is being properly
scheduled for review by the parole board as required. Tex. Gov't Code §508.141(g). The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 8, 2011

Do not publish